UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WESLEY ALEXANDER, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:13-cv-00356-PPS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Wesley Alexander was a prisoner at the Westville Correctional Facility when he was found guilty by the Disciplinary Hearing Body (DHB) of Fleeing or Physically Resisting in violation of internal prison rules, and Alexander was docked 30 days earned credit time as a result.[1]

Here's what happened according to the Conduct Report: "At Approximately 9:10 AM on the date of 7-30-12, I, Ofc. Halloran, was letting the E1W commissary line back on the dorm[.] Offender Alexander, Wesley #197997 stormed back off the dorm even after being told to stay on the dorm[.] [H]e was then told to return to the dorm multiple times. Sgt. Holmes then escorted Offender Alexander back onto the dorm." DE 6-1. Alexander raises four grounds for relief in this habeas corpus petition brought pursuant to 28 U.S.C. § 2254. He also raises a fifth issue in his traverse.

---

[1] In his petition (DE 1), Alexander also stated that he was found guilty of the charge of Intimidation. However, the record submitted by the Respondent does not mention that charge nor does Alexander discuss it in his traverse. Given that the charge was dismissed, the issue of relief from this Court is moot. Though it is unclear to me why Alexander listed an Intimidation charge in his petition, because there is no indication that he was found guilty of Intimidation, this opinion only addresses the Fleeing or Physically Resisting charge.

Before addressing Alexander's arguments, there is an initial issue regarding the scope of the record that needs to be resolved. The record submitted by the Respondent includes two Conduct Reports (DE 6-2 and 6-3) in addition to the Conduct Report for the Fleeing charge presently before me. It appears the DHB did not hold a hearing on either of those conduct reports. Alexander was not found guilty of either of the charges alleged in those reports. Alexander objects to the inclusion of these two unprocessed Conduct Reports as being included in the record of this case. The Respondent included them because they are reports about contemporaneous events related to the Fleeing charge here and they are part of the Administrative Record for this case which the Respondent was ordered to produce. Nevertheless, because it is not necessary to consider them to decide this case, I have not done so.

Now, it's on to Alexander's arguments. First, he argues that the Conduct Report falsely states that Sgt. Holmes escorted him back to the dorm. Though he disagrees with that factual statement by Officer Halloran, I cannot re-weigh the evidence considered in a prison disciplinary hearing. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). More importantly, whether Sgt. Holmes escorted Alexander back to the dorm is irrelevant to the question of whether Alexander fled from Officer Halloran. Therefore, Ground One presents no basis for habeas corpus relief.

Second, Alexander argues that he "never left the immediate area of the dormitory" after he returned from the dentist at 9:05 a.m. (DE 1 at 3.) It's unclear whether this assertion contradicts the Conduct Report — the report only says that he

left the dorm, it does not say whether he went very far or left the immediate area. Nevertheless, even if they are in conflict, it was for the DHB to determine the credibility of such testimony, not me. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Therefore, Ground Two presents no basis for habeas corpus relief.

Third, Alexander argues that he could not be charged with both Fleeing at 9:10 a.m. and then with Intimidation at 9:12 a.m. He does not explain why he believes that this would be either factually or legally impossible and it is unclear which he intended. Nevertheless, as noted above, since he was not found guilty of Intimidation, even if it would have been improper for him to have been charged with both, this argument presents no basis for habeas relief as to the charge of Fleeing.

Fourth, Alexander argues that even though Sgt. Holmes was not involved in this incident, he was required by prison policy to write a witness statement because he was named in the Conduct Report. However, the violation of a prison policy is irrelevant to a determination of whether he is entitled to habeas corpus relief because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Ground Four presents no basis for habeas corpus relief either. I also note that the disciplinary hearing screening report (DE 6-4) notified Alexander of the charge and the hearing, and Alexander could have listed Sgt. Holmes as a witness if he believed Sgt. Holmes had any pertinent information to add. Instead, Alexander indicated that he didn't wish to call any witnesses.

Finally, Alexander argues in his traverse that the court should not have allowed the respondent to file its response to his habeas corpus petition six calendar days late because the assigned Deputy Attorney General did not provide medical records to demonstrate her assertion that she was out of the office for medical reasons. However, even if I were to doubt the veracity of her assertion that she had a medical problem (which I do not), refusing to permit the respondent to file a brief would not preclude the court from reviewing the administrative record to determine whether Alexander raised any valid claims for habeas corpus relief. *See Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995) (A default judgment is an extreme sanction that is disfavored in habeas corpus cases); 28 U.S.C. § 2254(a) (Habeas relief can only be granted "on the ground that [a person] is in custody in violation of the Constitution or laws or treaties of the United States."). That is, I don't need to consider the respondent's brief in this case to reach the outcome lain out in this Opinion. Based on the record in this case, Alexander is not entitled to habeas corpus relief in this case regardless of whether the respondent is permitted to file a brief.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

ENTERED: December 29, 2014.

/s/ Philip P. Simon
**Chief Judge**
**United States District Court**

4